IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RAMON AGUSTIN ANGULO URGILES, | 8:26CV30 |
|---|---|
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and ROBERT SORENSON, Cass County Sheriff; | |
| Respondents. | |

This matter is before the Court on petitioner Ramon Agustin Angulo Urgiles' Verified Petition for a Writ of Habeas Corpus. ([Filing No. 1](#)) and Motion for Temporary Restraining Order or Preliminary Injunction ([Filing No. 3](#)). Angulo Urgiles, an Ecuadoran citizen and resident of Hennepin County, Minnesota, alleges that Respondents "took [him] into custody on or about January 5, 2026" without "present[ing]" him with a "warrant at the time of his arrest" or since then. ([Filing No. 1 at 8](#)). According to his petition, he is currently being held at the Immigrations and Customs Enforcement (ICE) detention center in Cass County, Nebraska. ([Filing No. 1 at 4](#)).

As to Angulo Urgiles' motion for a preliminary injunction or temporary restraining order, the Court finds that it has not been properly presented. While the "meet and confer statement" attached to Angulo Urgiles' motion ([Filing No. 3-2](#)) indicates he "emailed Counsel for

Respondents for a position on this matter," it does not say *who* exactly was emailed[1] and there is nothing indicating that Respondents have been provided with either a copy of the motion or the petition. *See* Fed. R. Civ. P. 65(a)(1); (b)(1). Thus, the request for a preliminary injunction or temporary restraining order is denied.

Regarding Angulo Urgiles' request for habeas relief, he alleges that his warrantless arrest and mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) violates his constitutional right to due process as well as the statutory and regulatory framework governing detention during removal proceedings. (Filing No. 1 at 20-26). He seeks, among other relief, an order releasing him immediately, or in the alternative, directing the immigration court to provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. (Filing No. 1 at 27).

The habeas statute provides that a court must grant the petition for writ of habeas corpus or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Angulo Urgiles] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Angulo Urgiles]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Angulo Urgiles'] detention." *Id.*

The Court cannot say from the face of the petition that Angulo Urgiles is not entitled to relief. Accordingly, the Court orders Angulo Urgiles to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Angulo Urgiles files any reply, the Court will hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three-day return on show cause order provided in 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Angulo Urgiles may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct.

---

[1] None of the Respondents have been served, so there are no entries of appearance on the docket for any of the Respondents.

2

1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1. Petitioner Ramon Agustin Angulo Urgiles' Motion for Temporary Restraining Order or Preliminary Injunction (Filing No. 3) is denied.
2. Petitioner shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on Respondents and file proof of such service with the Court.
3. Respondents shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted within three business days after Petitioner serves them.
4. Petitioner shall have three business days from the date of Respondents' response to file a reply.
5. The Court will then set a hearing on this matter.
6. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 21st day of January, 2026.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge